# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | I.D. No. 1504010863A |
| | ) | |
| MICHAEL BROOMER, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: October 31, 2023
Decided:  November 6, 2023

*Upon Defendant Michael Broomer's Rule 35(a) Motion, Treated as a Third Motion for Postconviction Relief under Superior Court Criminal Rule 61*
**SUMMARILY  DISMISSED.**

## ORDER

Andrew Vella, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for the State of Delaware.

Michael Broomer, SBI# 696466, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, *pro se*.

**WHARTON, J.**

The 6th day of November 2022, upon consideration of Defendant Michael Broomer's ("Broomer") Rule 35(a) Motion, treated as a Third Motion for Postconviction Relief under Superior Court Criminal Rule 61 ("Motion"), and the record in this case, it appears to the Court that:

1.  Broomer was convicted at trial of Murder in the Second Degree, two counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), and one count of Reckless Endangering in the First Degree. He appealed his convictions to the Delaware Supreme Court. That Court affirmed the judgment of this Court in part and remanded in part for this Court to a complete a *Batson* analysis. This Court completed its *Batson* analysis and found that Broomer had not carried his burden of proving purposeful discrimination. The Supreme Court affirmed that decision.[1] Broomer's first attempt at postconviction relief, raising 21 allegations of ineffective assistance of counsel, was unsuccessful.[2] His second attempt, raising claims of newly discovered evidence and additional allegations of ineffective assistance of counsel, similarly was unsuccessful. [3]

---

[1] *Broomer v. State,* 2017 WL 5900084 (Del. Nov. 28, 2017),
[2] *State v. Broomer*, 2021 WL 4987625 (Del. Super. Ct. Oct. 25, 2021), *aff'd.*
*Broomer v. State,* 2022 WL 3581111(Del. Aug. 22, 2022).
[3] *State v. Broomer,* 2022 WL 15702802 (Del. Super. Ct. Oct. 27, 2022), *aff'd.*
*Broomer v. State,* 2023 WL 3067051 (Del. Apr. 24, 2023).

2.     Broomer now brings what he styles as a "Rule 35(a) Motion" alleging three grounds warranting relief."[4]  First, he alleges a due process violation in that he "was never served with process as required so the court could not properly take jurisdiction of the charge of accomplice liability."[5]  Second, he alleges that it was plain error for the Court to instruct the jury on accomplice liability.[6]  Third, he alleges that it was procedural error for the court to hear the case without proper jurisdiction as alleged in his first ground for relief.[7]

3.     Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[8]  A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[9]

4.     Nothing in the Motion attempts to address any of the various ways a sentence might be illegal.  The Court suspects that Rule 35(a) was chosen as the vehicle to present these claims because a court may correct an illegal sentence "at any time," but there are bars to relief under Rule 61.  What Broomer obviously is attempting to do is to set aside his judgment of conviction.  Superior Court Criminal

---

[4] Def.'s Rule 35(a) Mot., D.I. 149.
[5] Def.'s Memorandum in Support of Rule 35(a) Mot., at 3, D.I. 150.
[6] *Id.* at 4.
[7] *Id.* at 5.
[8] Super. Ct. Crim. R. 35(a).
[9] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).

Rule 61 "governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction…on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual or legal basis for a collateral attack upon a criminal conviction."[10] Therefore, the Court treats the Motion as one for postconviction relief under Rule 61.

5.      Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[11] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[12] Under Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural default, or former adjudication.[13] A motion exceeds time limitations if it is filed more than one year after the conviction becomes final, or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[14] A second or subsequent motion is considered successive and therefore barred and subject to summary dismissal unless the movant was convicted after a trial and "pleads with particularity that new evidence exists that the movant is actually innocent" or "pleads

---

[10] Super. Ct. Crim. R. 61(a)(1).
[11] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[12] *Id.*
[13] Super. Ct. Crim. R, 61(i).
[14] Super. Ct. Crim. R. 61(i)(1).

with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction … invalid."[15] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[16] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[17]

6.      The bars to relief do not apply either to a claim that the court lacked jurisdiction or to a claim that pleads with particularity that new evidence exists that creates a strong inference of actual innocence,[18] or that a new retroactively applied rule of constitutional law renders the conviction invalid.[19]

7.      Broomer's first claim is that the Court lacked jurisdiction to try him because "he was never served with process as required so the court could properly take jurisdiction of the charge for accomplice liability." His third claim is derivative of that claim. Apparently, Broomer is under the impression that "accomplice liability" is a separate charge. He is wrong. Under 11 *Del. C.* § 275(a) "[a] person

---

[15] Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2).
[16] Super. Ct. Crim. R. 61(i)(3).
[17] Super. Ct. Crim. R. 61(i)(4).
[18] Super. Ct. Crim. R. 61(i)(5).
[19] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

indicted for committing an offense may be convicted as an accomplice to another person guilty of committing the offense."[20] Conversely, "[a] person indicted as an accomplice to an offense committed by another person may be convicted as a principal."[21] No separate service of process on a defendant is required for this Court to take jurisdiction over a defendant when a jury considers accomplice liability.

8. Broomer's second claim that it was plain error for the Court to instruct the jury on accomplice liability is barred. It is untimely, having been raise more than a year after his conviction became final.[22] This Motion is his third under Rule 61, and thus barred as successive.[23] The claim is barred as procedurally defaulted because it was not asserted in the proceedings leading to the judgment of conviction and Broomer has not shown cause for relief from the procedural default and prejudice from a violation of his rights.[24] Finally, to the extent Broomer alleges that the accomplice liability instruction was defective as opposed to claiming no such instruction should have been given at all, the claim is barred as formerly adjudicated.[25] On direct appeal, Broomer raised an unsuccessful challenge to the language of the accomplice liability instruction the Court gave at trial.[26] All of these bars remain

---

[20] 11 *Del. C.* § 275(a).
[21] 11 *Del. C.* § 275(b).
[22] Super. Ct. Crim. R. 61(i)(1).
[23] Super. Ct. Crim. R. 61(i)(2)(i).
[24] Super. Ct. Scrim. R. 61(i)(3).
[25] Super. Ct. Crim. R. 61(i)(4).
[26] *Broomer v. State,* No. 562, 2016, Order, at 4-6 (Del. Oct. 16, 2016).

applicable because Broomer has failed to meet the pleading of Rule 61(d)(2)(i) or (2)(ii).

9.  Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief.[27]  Here, it is plain to the Court from the Motion and the record in this case that Broomer is not entitled to relief.

**THEREFORE,** Defendant Michael Broomer's Rule 35(a) Motion treated as his Third Motion for Postconviction Relief under Superior Court Criminal Rule 61 is **SUMMARILY DISMISSED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[27] Super. Ct. Crim. R. 61(d)(5).